## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Richard Gacek,

Court File No.: 0:09-cv-03202-PAM-RLE

Plaintiff,

vs.

Owens & Minor Distribution, Inc., Marc
W. Johnson, and Gregory Frank Mattson,

Defendants.

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO STRIKE
AND MOTION FOR MORE DEFINITE
STATEMENT**

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(f)(2) and 12(e), Defendants Owens & Minor Distribution, Inc. ("Owens & Minor" or the "Company") and Marc W. Johnson ("Johnson") (collectively, "Defendants") hereby move to strike certain portions of Plaintiff Richard Gacek's ("Plaintiff") Amended Complaint filed on November 24, 2009, and move for a more definite statement regarding the legal basis for Counts II, IV and V of the Amended Complaint.

Plaintiff's 18-page Amended Complaint includes five confusing causes of action and a slew of unintelligible allegations apparently related to his employment and termination from Owens & Minor in April 2009. Plaintiff alleges that this Court has jurisdiction over this matter and that he is entitled to damages based on a number of statutes that have no relation to the claims that he alleges. Plaintiff's references to these

2437385v2

statutes are immaterial and irrelevant to his Amended Complaint, and should be stricken in accordance with Defendants' Exhibit A, submitted with this Motion. Additionally, this Court should strike certain references to the Collective Bargaining Agreement ("CBA") since Plaintiff does not allege any causes of action arising out of the CBA.

Alternatively, this Court should order Plaintiff to provide a more definite statement under Rule 12(e) regarding his references to various statutes and the CBA. Without a more definite statement regarding these confusing references, Defendants are unable to properly Answer or otherwise respond to the Amended Complaint because they have not been provided fair notice regarding the basis or grounds for these references.

This Court should also order Plaintiff to provide a more definite statement under Rule 12(e) regarding three causes of action alleged in the Amended Complaint: Counts II, IV, and V. Each of these Counts alleges a vague, ambiguous and rambling set of facts, but does not specify the legal grounds upon which Plaintiff seeks recovery. Because of the litany of federal and state statutes haphazardly cited in the Amended Complaint, Defendants can only guess which statute or statutes under which Plaintiff is actually seeking recovery, for each of these Counts. Plaintiff has failed to provide Defendants with fair notice regarding the legal basis of these claims, and he should be ordered to provide a more definite statement that will allow Defendants to Answer or otherwise respond.

2437385v2

2

## LEGAL ARGUMENT

### I.   LEGAL STANDARDS

Rule 12(f)(2) allows a party to move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court has "liberal discretion" to strike material from a pleading under this rule. *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). A motion to strike should be granted when "it may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action." *Crow v. Walpoff & Abramson*, No. Civ. 06-3228, 2007 WL 1247393, at *2 (D. Minn. Apr. 19, 2007) (granting plaintiff's motion to strike an affirmative defense). A motion to strike should be granted where the result will be to expedite the litigation by "remov[ing] unnecessary clutter from the case." *See Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Typically, a Rule 12(e) motion will not be granted if a Complaint satisfies the notice pleading requirements of Fed. R. Civ. P. 8. *In re Potash*, No. 3-93-197, 1994 WL 1108312, at *11 (D. Minn. Dec. 5, 1994). Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

II.   **PLAINTIFF'S IMMATERIAL AND CONFUSING STATUTORY REFERENCES AND STATEMENTS REGARDING THE CBA SHOULD BE STRICKEN**

Plaintiff's Amended Complaint includes a number of immaterial and confusing statutory references and statements regarding the CBA that are just the type of "unnecessary clutter" that should be stricken by this Court. *See Heller,* 883 F.2d at 1294.

In paragraphs 1 and 5, and in the "Damages" and "Reliefs Sought" paragraphs on page 17 and 18 of the Amended Complaint, Plaintiff alleges that his claims arise out of, the Court has jurisdiction over, and/or he is entitled to relief and damages under these laws:

| LAW CITED BY PLAINTIFF IN AMENDED COMPLAINT | ACTUAL SUBSTANCE OF LAW |
| --- | --- |
| 42 U.S.C. § 1981 | "Section 1981 redresses discrimination based on race, alienage, ancestry, or ethnic characteristics." *Weseman v. Meeker County,* 659 F.Supp. 1571, 1575 (D. Minn. 1987). |
| 42 U.S.C. § 1983 | "Section 1983 prohibits a person acting under color of state law from depriving another person of his rights, privileges, or immunities secured by the Constitution and laws . . . ." *Hansen v. Tietz,* No. 03-969, 2004 WL 812977, at *4 (D. Minn. Apr. 12, 2004). |
| 42 U.S.C. § 1985(3) | Section 1985(3) "proscribes private conspiracies to deny any person enjoyment of equal protection of the laws and equal privileges and immunities under the laws." *Harrison v. Springdale Water & Sewer Comm'n,* 780 F.2d 1422, (8th Cir. 1986). Section 1985(3) only applies to cases where a plaintiff alleges that he or she has suffered some racial or class-based invidious discrimination. *Id.* |

2437385v2

4

| 28 U.S.C. § 1343(a)(3) and (a)(4) | Section 1343(a) provides that district courts shall have original jurisdiction over any civil action commenced by any person: <br><br> "(3): To redress the deprivation, under color of any State law, statute ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;" <br><br> "(4): To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." |
|---|---|
| Family and Medical Leave Act (29 U.S.C. § 2601 et seq.) | The Family and Medical Leave Act ("FMLA") "prohibits an employer from interfering with, restraining, or denying an employee's exercise of or attempted exercise of any FMLA right." *McCoy v. Qwest Corp.,* No. 08-1172, 2009 WL 3126335, at *3 (D. Minn. Sept. 24, 2009). The FMLA also prohibits retaliation against an employee for exercising FMLA rights. *Id.* |

Plaintiff's references to these statutes in the Amended Complaint should be stricken. *See* Exhibit A to Motion (proposed blackline of Amended Complaint indicating which references should be stricken). These statutes have nothing to do with the claims alleged by Plaintiff in Counts I through V of the Amended Complaint. For example, Plaintiff alleges that his claims arise out of Section 1981, but nowhere in the Amended Complaint does he mention discrimination based on race, alienage, ancestry, or ethnic characteristics. Additionally, there are no factual allegations referencing an alleged FMLA violation. The fact that these immaterial statutes are even cited in the Amended

Complaint only serves to confuse the parties and this Court. Removal of these references will streamline and clarify the Amended Complaint.

Plaintiff also makes immaterial and confusing references to the CBA in his Amended Complaint. Plaintiff says, for example, that he is seeking relief against Defendants for violations of the CBA (*e.g.,* Am. Compl., ¶ 1, p. 2), but he makes no corresponding breach of contract claim in his Amended Complaint. In fact, Plaintiff does not even reference the CBA in Counts I through V of the Amended Complaint. Plaintiff's reference to the CBA as a basis for his case or claims against Defendants should be stricken, since Plaintiff does not allege any cause of action arising out of the CBA.

Alternatively, Defendants request that this Court order Plaintiff to provide a more definite statement regarding the factual and legal basis for referencing the above statutes and the CBA. If Plaintiff is alleging specific claims under these statutes or the CBA, <u>he should clearly state this and plead such claims in specific Counts of his Amended Complaint</u>. Plaintiff cannot vaguely reference the CBA and regurgitate statutory citations at various points in his Amended Complaint and expect Defendants to determine which statutes apply to the claims he alleges. Rule 8 requires Plaintiff to provide a short and plain statement for each claim that gives Defendants fair notice of the grounds for each claim. Defendants are unable to respond to the Amended Complaint unless Plaintiff clarifies how these statutes and the CBA applies to his specific claims.

III.   **PLAINTIFF SHOULD PROVIDE A MORE DEFINITE STATEMENT REGARDING COUNTS II, IV, AND V OF THE AMENDED COMPLAINT**

Plaintiff should be ordered to provide a more definite statement regarding the legal basis for Counts II, IV, and V of the Amended Complaint. Defendants are unable to respond to the Amended Complaint unless Plaintiff clarifies the legal grounds or basis upon which he is seeking relief as to each of these Counts.

Count II of the Amended Complaint is vaguely captioned as a "discrimination" claim against Owens & Minor, but appears to be pled as a retaliation claim. Plaintiff alleges that he made complaints to OSHA about Owens & Minor, and as a result, the Company took action against him. Plaintiff fails to plead what the legal basis is for this "discrimination" claim—in other words, there is no allegation regarding the specific federal or state statute or common law under which Plaintiff is seeking recovery. Given the numerous confusing and immaterial statutes cited in the Amended Complaint, Owens & Minor is unable to properly respond to Count II by Answer or motion without this information. Accordingly, Plaintiff should be ordered to provide a more definite statement regarding the specific legal grounds (i.e., federal or state statute or common law claim) under which he seeks recovery in Count II. Plaintiff should also provide a more definite statement regarding whether his claim in Count II is for discrimination or retaliation under the legal grounds specified.

Count IV of the Amended Complaint is captioned as an "intentional discrimination and retaliation" claim against Johnson, who is the General Manager at

Owens & Minor.  Once again, Plaintiff fails to state the legal grounds for this specific claim, vaguely alleging that "Johnson intentionally discriminated and retaliated against him as a reprisal for his truthful and lawful complaints and testimonies against Owens and Minor."  Am. Compl. ¶ 72.   Plaintiff should be ordered to provide a more definite statement regarding what federal or state law this claim is based on.   Without this information, Johnson is unable to properly respond to Count IV by Answer or motion.

Count V of the Amended Complaint suffers from the same problem as Counts II and IV.   Count V is captioned as "retaliation/reprisal" against Owens & Minor.   Once again, Plaintiff fails to state the specific legal grounds for this claim and Owens & Minor is unable to decipher the legal grounds based on the litany of confusing statutory citations in the Amended Complaint.   Plaintiff should be ordered to provide a more definite statement regarding what federal or state law this claim is based on.   Without this information, Owens & Minor is unable to properly respond to Count V by Answer or motion.

## CONCLUSION

Plaintiff's Amended Complaint is filled with unclear and irrelevant references to various statutes and a CBA that have no relation to any of the causes of action that he alleges. These references should be stricken in accordance with Defendants' Exhibit A, or alternatively, Plaintiff should provide a more definite statement regarding the basis for these references. Additionally, Plaintiff should be ordered to provide a more definite statement regarding the legal basis for Counts II, IV, and V of the Amended Complaint so that Defendants are able to respond to these Counts by Answer or motion.

Dated: December 14, 2009.             **BRIGGS AND MORGAN, P.A.**


By: s/Ellen A. Brinkman
    Daniel R. Wachtler (#113360)
    Michael J. Moberg (#0249944)
    Ellen A. Brinkman  (#0386578)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400
dwachtler@briggs.com
mmoberg@briggs.com
ebrinkman@briggs.com
**ATTORNEYS FOR DEFENDANT
OWENS & MINOR DISTRIBUTION,
INC.  AND MARC W. JOHNSON**