**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Court File Number:  09-cv-3202  (PAM/RLE)

RICHARD GACEK,
   *Plaintiff,*

v.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT**

1. OWENS & MINOR DISTRIBUTION, INC.,
2. MARC W. JOHNSON, and
3. GREGORY FRANK MATTSON,
   *Defendants.*

## MEMORANDUM

Defendants challenge the propriety of plaintiff bringing this action under the following statutes:

1. 42 U.S.C. § 1981 (hereinafter "Section 1981")
2. 42 U.S.C. § 1983 (hereinafter "Section 1983")
3. 42 U.S.C. § 1985(3) [hereinafter "Section 1985(3)"]
4. 28 U.S.C. § 1343(a)(3) and (a)(4)  [hereinafter "Section 1343(a)(3) and (a)(4) "], and
5. Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*).

Plaintiff properly relied on these laws for the reasons stated hereunder.

### Section 1981:  Equal rights under the law

Plaintiff's primary ground of bringing this action is that 1st and 2nd defendants dismissed him from employment in retaliation for his testimony in support of Mesfin Tewolde's (hereinafter "Tewolde") discrimination and

1

retaliation complaint against 1st defendant in a prior legal action. [Docket 2, ¶ 1]. Tewolde is a black man. Plaintiff's testimony contributed to 1st defendant's settlement of Tewolde's suit. Plaintiff is a white man and as Tewolde's fellow employee.

The Supreme Court has held, in *Sullivan v. Little Hunting Park*, 396 U.S. 229 (1969), that a white person who has been '. . . punished for trying to vindicate the rights of (non-white) minorities . . .' has standing to sue under § 1981. *Dematteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2nd Cir. 1975). Sullivan sued under Sections 1981 and 1982.

The 2nd Circuit succinctly summarized the law as follows:

> DeMatteis contends that Kodak 'forced' him into retirement solely because he had sold his house to a black person. His retirement was precipitated, according to the complaint, by deteriorating health which Kodak's vindictive conduct served to exacerbate. Appellant also contends that he has suffered economic loss in that his retirement was 'premature.' Such 'punishment' to appellant's legally cognizable interests was allegedly in reprisal for his part in vindicating the right of a black fellow-employee '. . . to make . . . (a) contract( ) . . .' similar to that which whites in the neighborhood have freely been able to make. DeMatteis therefore has standing to sue under 42 U.S.C. § 1981. We reverse that part of the district court's order which dismissed the claim and remand for further proceedings not inconsistent with this opinion.

Plaintiff suffered reprisal for his part in vindicating the right of Tewolde, a black fellow-employee. Plaintiff, therefore, has standing to sue under Section 1981.

Gacek did not file a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") before instituting this action. Section 1981 does not require employees who bring complaints for discrimination or retaliation under Section 1981, to file a charge of discrimination or retaliation with the Equal Employment Opportunity Commission or

2

administrative agencies before instituting such an action in court (unlike Title VII).  See *CBOCS West, Inc. v. Humphries*, N0. 06-1431 (U.S. 5/27/2008) (2008).
So, it is necessary for Gacek to sue under Section 1981 since he did not file a charge of discrimination or retaliation with the EEOC agencies before instituting this action.

On May 27, 2008, the Supreme Court issued its opinion in *CBOCS West Inc. v. Humphries*.  The Court held, for the first time, that plaintiffs may bring claims for race-based retaliation under Section 1981 of the Civil Rights Act of 1866.  In an opinion by Justice Stephen J. Breyer, the Court construed Section 1981 as not only prohibiting racial discrimination in the making and enforcing of contracts, but as also prohibiting retaliation against persons who complain of such discrimination.
The Court held that Section 1981 can be used to bring a claim of employment-related retaliation and claims of retaliation by those pursuing race and color claims under the statute.

Plaintiff suffered employment-related retaliation for his part in vindicating the right of Tewolde, a victim of racial discrimination and or retaliation. Therefore, plaintiff, can sue under Section 1981.

## Section 1983:  Civil action for deprivation of rights

The section provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, *subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,* except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

> declaratory decree was violated or declaratory relief
> was unavailable. For the purposes of this section,
> any Act of Congress applicable exclusively
> to the District of Columbia shall be considered to be
> a statute of the District of Columbia.
> [Emphasis added].

In sum, Section 1983 provides that any person who, under any State law subjects another, to the deprivation of any rights, privileges, or immunities secured by the Constitution shall be liable to the injured party in an action at law.
1st and 2nd defendants retaliated against plaintiff contrary to Minn. Stat. § 363A.15 (a Minnesota State law), thus, plaintiff, can sue under Section 1983 and this Honorable Court has jurisdiction to grant relief pursuant to Section 1983.

## Section 1985(3):  Conspiracy to interfere with civil rights

In pertinent part, this section provides as follows:

> If two or more persons in any State or Territory conspire
> … for the purpose of depriving, either directly or indirectly,
> any person or class of persons of the equal protection of
> the laws, or of equal privileges and immunities under the
> laws; or for the purpose of preventing or hindering the
> constituted authorities of any State or Territory from giving
> or securing to all persons within such State or Territory the
> equal protection of the laws; …. or in any case of conspiracy
> set forth in this section, if one or more persons engaged
> therein do, or cause to be done, any act in furtherance of
> the object of such conspiracy, whereby another is injured
> in his person or property, or deprived of having and
> exercising any right or privilege of a citizen of the United
> States, the party so injured or deprived may have an action
> for the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the conspirators.

The 3rd defendant conspired with 1st and 2nd defendants to make slanderous statements or remarks in order to provide a basis for 1st and 2nd defendants to investigate and ultimately dismiss plaintiff from employment.  [Docket 2, ¶¶

26, 30 and 31]. Thus, plaintiff can bring an action pursuant to Section 1985 (3).

### Section 1343(a)(3) and (a)(4):  Civil rights and elective franchise

This section provides in pertinent part that the district courts shall have original jurisdiction of any civil action, authorized by law, to be commenced by any person to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

Section 1343 created federal jurisdiction for damages or equitable relief or other relief.  *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 238 (1969). Hence, plaintiff can bring this action in federal court pursuant to Section 1343 and therefore, was right to anchor the jurisdiction of this Court under this section.

### Section  1331:  Federal question

This section provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
This action instituted by plaintiff arises under various laws including federal laws such as 42 USC 1981; and the Civil Rights Act of 1991.  [Docket 2, ¶ 5].
Therefore, plaintiff can sue under Section 1331.

### Family and Medical Leave Act (29 U.S.C. § 2601)

This statute states in pertinent part that Congress finds that there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods.  29 U.S.C. § 2601(a)(4).
It also provides that it is the purpose of the Act to entitle employees to take reasonable leave for medical reasons.  29 U.S.C. § 2601(b)(2).

Plaintiff  averred in his Complaint that sometime in 2005, he called in sick and was absent from work consistent with the provisions of 29 U.S.C. § 2601(b)(2).

5

One Steve Julkowski (at all material times the Warehouse Manager) left his work at Owens & Minor, drove to plaintiff's house, parked on the street very close to plaintiff's house and spent a considerable amount of time lying in wait to see what plaintiff was doing.  [Docket 2, ¶ 36].

When plaintiff came out of his house and drove off in his vehicle, Steve Julkowski drove off from his parked position and followed plaintiff. Plaintiff noticed Steve Julkowski from his rear mirror, pulled over by the roadside and Steve Julkowski engaged him in an altercation.  [Docket 2, ¶ 37].

1st defendant's conduct through Steve Julkowski contravened the provisions of the Family and Medical Leave Act [29 U.S.C. §§ 2601(a)(4) and (b)(2)]. Thus, plaintiff can sue under the Family and Medical Leave Act [29 U.S.C. § 2601].


### CBA:  The Collective Bargaining Agreement

The Collective Bargaining Agreement (hereinafter "CBA") between Owens & Minor and Minnesota's Health Care Union Local 113, SEIU, at all material times in force, is the contract between plaintiff's Union and 1st plaintiff.  The contract or agreement is supposed to guide the conduct of the parties in their employment relationship.
The CBA is very material in understanding the conduct of the parties in this action (particularly the plaintiff as Union Steward) and it is quite surprising that defendants are raising objection to the CBA.
Plaintiff will rely on the CBA at trial.


### Answer to Defendants' objections to Counts II, IV, and V

Defendants request that plaintiff provide a more definite statement regarding the legal basis for Counts II, IV, and V, of the Amended Complaint, so that defendants can respond to these counts.

In answer, plaintiff intends to file a second amended complaint.  The Proposed 2nd Amended Complaint is annexed to the Declaration in opposition to defendants' motions.  Once, the defendants give their consent

6

today to the Proposed 2nd Amended Complaint, plaintiff will formally file it via ECF.  Otherwise, plaintiff will file a motion to amend complaint.

Since this Memorandum and the Proposed 2nd Amended Complaint have satisfied defendants' requests for (1) explanation of the relevance of the statutes cited in plaintiff's complaint and (2) more definite statement; defendants are therefore, obligated to withdraw their motions forthwith.

### Conclusion

Defendants' Motion to Strike and Motion for More Definite Statement must be dismissed.  This is because plaintiff has explained the relevance of all statutes relied on in his complaint.
Also, all the provisions of the various statutes cited in plaintiff's complaint are public knowledge and available to defendants.  Yet defendants deliberately contend in their memoranda that the statutes are inapplicable.  Plaintiff's response herein proves defendants wrong.

 Further, other issues raised by defendants have been resolved by the proposed 2nd Amended Complaint.
Thank you.

Respectfully submitted,

DATED:  <u>1-21-2010</u>                    */s/  P. Chinedu Nwaneri*
P. Chinedu Nwaneri, Esq.
Nwaneri & Associates, Pllc
4655 Nicols Road, Suite 106
Eagan, MN 55122

*Telephone:  (651) 917-0633*
*Fax: (651) 917-0691*
E-mail:  nwaneri@integra.net

*Attorney for Plaintiff*