UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case Number: 09-cv-3202 (PAM/RLE)

**RICHARD GACEK,**
        *Plaintiff,*

v.                 **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FURTHER AMEND COMPLAINT**

1. **OWENS & MINOR DISTRIBUTION, INC.,**
2. **MARC W. JOHNSON, and**
3. **GREGORY FRANK MATTSON,**
        *Defendants.*

## ARGUMENT

**Law**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Moreover, "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir. 2001). Even if the adverse party would suffer some prejudice if the motion

1

to amend were granted, the anticipated prejudice must be balanced against the hardship to the moving party if the motion is denied. *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694 (8th Cir. 1981). Ultimately, the decision to grant or not grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund,* 800 F.2d 742, 749 (8th Cir. 1986).

As a general rule, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

**Discussion**

In a motion for amendment, the Court considers the following factors:

1. **Undue Delay**: Defendants requested this Honorable Court via their Motion to Strike and Motion for a More Definite Statement to order Plaintiff to provide a more definite statement regarding what federal or State law Plaintiff's claim(s) is based on. [Docket No.6, page 8]. Instead of waiting for this Honorable Court to issue its order, Plaintiff proactively supplied the information requested by Defendants via this proposed amendment. Therefore, there is no undue delay on the part of Plaintiff.

2. **<u>Bad Faith</u>**: There is no bad faith in Plaintiff's motion to further amend or in the proposed amended complaint.  The motion is brought purely to present all matters in controversy between Plaintiff and Defendants to the Honorable Court.   Also, the proposed amended complaint is to enable the Honorable Court better understand the matters in controversy between the parties; and to comprehensively adjudicate the dispute.   The amendment is also necessitated by Defendants' request.  [Docket Nos. 3 and 10].

3. **<u>Dilatory Motive</u>**:  A dilatory motive tends to cause delay.  Plaintiff's proposed amendment is purely to respond to Defendants' request and to enable a better understanding of the issues in controversy between the parties.  So, the proposed amendment is just a matter of course.

   Furthermore, this motion is Plaintiff's first motion to amend.  The earlier amendment of Plaintiff's complaint was made before Defendant was served with the Summons and Complaint and required no motion.  The initial amendment to the Complaint was to make some corrections.  Therefore, there is no evident persistent

dilatory tactics that could be traced to Plaintiff's motion to further amend his complaint.

4. **<u>Repeated Failures to Cure Deficiencies by Amendments Previously Allowed:</u>**

   This is Plaintiff's first motion to amend complaint. So, there is no history, on the part of Plaintiff, of repeated failures to cure deficiencies by amendments previously allowed.

5. **<u>Undue Prejudice to the Opposing Parties by virtue of Allowance of the Amendment</u>:**

   Plaintiff's motion to amend complaint is made in good faith. Defendants are yet to file any responsive pleading(s). So, Defendants will have ample opportunity to investigate Plaintiff's claims.

   This motion does not in any way unduly prejudice Defendants. Even, if it does (which is not conceded), the hardship does not outweigh the prejudice to the plaintiff if the motion is denied.

6. **<u>Futility of Amendment</u>:** Plaintiff's proposed further amendment to his amended complaint is not an exercise in futility. In fact, the Defendants solicited Plaintiff for the information and clarifications contained in the proposed 2nd Amended Complaint.

## CONCLUSION

By virtue of all the above stated, Plaintiff, Richard Gacek, respectfully urge the Honorable Court to grant his motion to further amend complaint.

Respectfully Submitted:

Nwaneri & Associates, PLLC

Dated: <u>1-25-2010</u>     <u>*/s/ P. Chinedu Nwaneri*</u>
            P. Chinedu Nwaneri, Esq.
            4655 Nicols Road, Suite 106
            Eagan, MN 55122

            *Tel: (651) 917-0633*
            *Fax: (651) 917-0691*
            *E-mail: nwaneri@integra.net*

            *Attorney for Plaintiff*