UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Richard Gacek,

Plaintiff,

vs.                                                                    ORDER

Owens & Minor
Distribution, Inc.,
Marc W. Johnson,
and Gregory Frank
Mattson,

Defendants.          Civ. No. 09-3202 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(A), upon the Motions of the Defendants to Strike Portions of the

Plaintiff's Amended Complaint, and for a More Definite Statement.

A Hearing on the Motions was conducted on January 26, 2010, at which time,

the Plaintiff appeared by P. Chinedu Nwaneri, Esq.; the Defendants Owens & Minor

Distribution, Inc. ("Owens"), and Marc W. Johnson ("Johnson"), appeared by Ellen

A. Brinkman and Michael J. Moberg, Esqs.; and the Defendant Gregory Frank Mattson ("Mattson"), appeared by Patrick T. Tierney, Esq.

For reasons expressed at the close of the Hearing, and briefly reiterated below, we grant the Defendants' Motion in part.

## II.  Factual and Procedural Background

On November 17, 2009, the Plaintiff commenced this action against the Owens, who was the Plaintiff's previous employer, and Johnson and Mattson, who are employees of Owens, in which he alleges violations of his rights with respect to his termination from employment at Owens, and to the events leading up to that termination.  See, Amended Complaint, Docket No. 2, ¶¶1-3.

On December 14, 2009, prior to filing their Answers, the Defendants filed a Motion to Strike and for a More Definite Statement.[1]  See, Docket Nos. 3, 10. The Defendants argue that the Plaintiff's Amended Complaint contains immaterial, irrelevant, and confusing legal references, which should be stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure.  In the alternative, the Defendants move for an Order requiring the Plaintiff to provide a more definite statement, so as to clarify

---

[1]The original Motion was filed on behalf of Owens and Johnson only.  On January 7, 2010, Mattson joined in the Motion.  See, Docket No. 10.

the objectionable portions of his Amended Complaint.  In addition, the Defendants move for a more definite statement of the legal bases underlying Counts II, IV, and V, of the Amended Complaint, pursuant to Rule 12(e), Federal Rules of Civil Procedure.

Thereafter, on January 21, 2010, and less than seven (7) days prior to the Hearing, the Plaintiff filed a Response to the pending Motions, in which he argues that the references to various State and Federal laws, which the Defendants have identified as objectionable, are not irrelevant or immaterial to the claims that the Plaintiff is asserting, and therefore, should not be stricken.[2]  See, <u>Plaintiff's Memorandum in Opposition</u>, <u>Docket No. 14</u>, pp.1-6.  With respect to the Defendants' Motion for a More Definite Statement as to Counts II, IV, and V, the Plaintiff did not object to the substance of the Defendants' Motion and, on January 25, 2010, the Plaintiff filed a Motion to Amend his Amended Complaint, so as to satisfy the Defendants' request

---

[2]The Plaintiff has also filed a Motion for Leave to File his Response Out of Time, in which he asserts that he failed to file a timely Response due to a recent sickness. See, <u>Docket No. 18</u>, p. 2¶2.  At the time of the Hearing, the Defendants expressed concern that, apparently, the Plaintiff has had a past history of filing submissions out-of-time, and they seek to avoid the same circumstance, here.  We grant the Plaintiff's Motion, but with a caveat.  Necessarily, we take the representations of an officer of this Court at face value, but that should not be viewed as some license to file untimely submissions, for our indulgence has reasonable limits.

for a more definite statement of the legal bases of the Plaintiff's claims, and to clarify the issues in controversy. See, <u>Motion to Amend/Correct Amended Complaint, Docket No. 20</u>.

Turning to the Plaintiff's Amended Complaint, we note that he purports to assert claims for defamation against Mattson and Owens (Count I); discrimination against Owens (Count II); wrongful termination against Owens (Count III); intentional discrimination and retaliation against Johnson (Count IV); and retaliation and reprisal against Owens (Count V). See, <u>Amended Complaint</u>, supra at pp. 7-17¶¶10-75. Although the Plaintiff references numerous State and Federal laws elsewhere in his Amended Complaint, aside from the defamation claim, he does not specifically identify the legal bases for the enumerated claims in each of the asserted Counts of the Amended Complaint. Moreover, the Plaintiff makes a number of legal references, but it is unclear whether the Plaintiff is attempting to assert a claim as to those references, including citations to Title 42 U.S.C. §§1981, 1983, and 1985; the Family and Medical Leave Act, see Title 29 U.S.C. §2601 <u>et</u> <u>seq.</u>; along with references to a Collective Bargaining Agreement, and the Occupational Safety and Health Administration.

At the close of the Hearing, we granted the Defendants' Motion, insofar as it requested a more definite statement of the confusing legal references, and the legal bases for his claims.   The Plaintiff requested seven (7) days to file his Second Amended Complaint, which we granted, and the Plaintiff filed his Second Amended Complaint on February 2, 2010.   See, Docket No. 27.   We now memorialize our ruling, and the bases for allowing a more definite statement.

### III.  Discussion

A.   Standard of Review.   Rule 12(f), Federal Rules of Civil Procedure, provides as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.   The court may act on its own; or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"Judges enjoy liberal discretion to strike pleadings under Rule 12(f)."   BJC Health System v. Columbia Casualty Company, 478 F.3d 908, 917 (8th Cir. 2007), citing Nationwide Ins. Co. v. Central Mo. Elec. Coop., Inc., 278 F.3d 742, 748 (8th Cir. 2001).

- 5 -

For example, a portion of a pleading may be stricken as "redundant," when it is essentially a repetition of another claim in the same pleading, see, <u>Nunley v. Kloehn</u>, 158 F.R.D. 614, 618-19 (E.D.Wisc. 1994), while an allegation is considered "immaterial," or "impertinent," when it is neither responsive, nor relevant, to the issues involved in the action. See, <u>Quintana v. Baca,</u> 233 F.R.D. 562, 564 (C.D. Cal. 2005)("To be immaterial or impertinent, the challenged material must have 'no possible bearing on the controversy.'"), quoting <u>Employers Ins. of Wausau v. Musick, Peeler & Garrett</u>, 871 F. Supp. 381, 391 (S.D. Cal.1994).[3]

Nonetheless, a Motion to Strike is viewed with disfavor, and is infrequently granted.  See, <u>BJC Health System v. Columbia Casualty Company</u>, supra at 917; <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000)("[S]triking a party's pleadings [pursuant to Rule 12(f) is an extreme measure"); <u>Mille Lacs Band of Chippewa Indians v. State of Minnesota</u>, 952 F. Supp. 1362, 1395 (D. Minn. 1997)

---

[3]By comparison, "scandalous" matters generally consist of allegations which unnecessarily reflect upon the moral character of an individual, or state anything in repulsive language that detracts from the dignity of the Court. See, <u>Wilkerson v. Butler,</u> 229 F.R.D. 166, 170 (E.D. Cal. 2005)("A 'scandalous' matter improperly casts a derogatory light on someone, usually a party."), citing <u>Skadegaard v. Farrell,</u>578 F. Supp. 1209, 1221 (D.N.J.1984); <u>Gilbert v. Eli Lilly Co.,</u> 56 F.R.D. 116, 120, n. 7 (D.P.R. 1972); <u>Martin v. Hunt</u>, 28 F.R.D. 35 (D. Mass. 1961).  We find no basis for the application of that principle under the circumstances before us, nor have the parties identified any such basis.

("While this Court has the discretion to grant a motion to strike at any time, such motions are nonetheless viewed with disfavor and are infrequently granted."), citing Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977); First Bank System, Inc. v. Martin, 782 F. Supp. 425, 426 (D. Minn. 1991); Federal Deposit Ins. Corp. v. R-C Marketing and Leasing, Inc., 714 F. Supp. 1535, 1541 (D. Minn. 1989).

Rule 12(e), Federal Rules of Civil Procedure, states that "a party may move for a more definite statement of a pleading * * * which is so vague or ambiguous that the party cannot reasonably prepare a response."   Although a Motion under Rule 12(e) is rarely granted -- since Rule 8(a)(2), Federal Rules of Civil Procedure, merely obligates a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" -- a Court may grant a Rule 12(e) Motion when a party completely fails to satisfy the notice pleading requirements.  See, e.g., Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346, 348-49 (D. Minn. 1995).

Nonetheless, Rule 12(e) is not a cure for lack of detail, id., and, "[d]ue to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored."  Radisson Hotels Intern., Inc. v. Westin Hotel Co., 931 F. Supp. 638, 644 (D. Minn. 1996), citing Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993); see also, 5C Wright & Miller, Federal Practice

- 7 -

and Procedure:  Civil 3d §1376 ("Since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden on unearthing the underlying factual details on the discovery process, federal courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings.").

      B.   <u>Legal Analysis</u>.  As we explained at the Hearing, pleading is not a game of conjecture, and the Defendants should not have to guess as to the claims that are being asserted against them.  While the Federal Rules, which govern pleadings, require "only that a complaint be 'a short and plain statement of the claim showing that the pleader is entitled to relief' * * * this short and plain statement **must provide 'fair notice of the plaintiff's claim and grounds for relief.'**" <u>Eckert v. Titan Tire Corp.</u>, 514 F.3d 801, 806 (8th Cir. 2008)[internal citation omitted] [emphasis added], quoting <u>Rule 8(a)(2), Federal Rules of Civil Procedure</u>, and <u>Smith v. St. Bernards Reg'l Med. Ctr.</u>, 19 F.3d 1254, 1255 (8th Cir. 1994).

      Here, the Plaintiff included a number of references to Statutes and legal theories, for which the relevance is entirely unclear.  As we expressed at the Hearing, the Plaintiff has provided some of those references so as to provide historical

- 8 -

background for his case but, to the extent that the Plaintiff is referencing causes of action, or legal principles, upon which he is not asserting any claims, he bears an obligation to make his intentions clear in order to avoid confusion, and unnecessary discovery.   While we understand that discovery could reveal the Plaintiff's concession, that he does not intend to pursue claims predicated on many of those statutory references, the Defendants should not be caused to bear unnecessary expense when the Plaintiff concedes that he has no such causes of action in mind.

Given the Plaintiff's ambiguous legal references, and his failure to clearly state the legal bases for each of his claims, we conclude that the Plaintiff should be required to provide a more definite statement.   The Defendants are certainly entitled to a reasonable recitation of the claims that the Plaintiff is asserting against them, and the legal bases for each of those claims.   See, <u>Kia Motors America, Inc. v. Autoworks Distributing</u>, 2006 WL 2943306, *3 (D.Minn., September 28, 2006)(noting that Rule 12(e) is a "remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail."), citing <u>Radisson Hotels Int'l, Inc. v. Westin Hotel</u>, supra at 644.

With respect to the Defendants' request that we strike certain references in the Amended Complaint, we decline to do so at this time, as the deficiencies in the Plaintiff's Amended Complaint can be cured by a clearer recitation of Plaintiff's

claims, and their grounds, in his Second Amended Complaint, so as to afford fair notice to the Defendants as to the precise liability exposures to which they potentially face.  See, Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1079 (C.D. Cal. 1994)("[I]f the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits."), citing 5A Charles A Wright & Arthur R. Miller, Federal Practice and Procedure, §1382; see also, Ross-Simons of Warwick v. Baccarat, Inc., 182 F.R.D. 386, 399 (D. R.I. 1998)(where presented with a question of law, the "issue is more appropriately resolved by the motion to dismiss for failure to state a claim upon which relief can be granted.");  Ammirati v. Bonati, 1994 WL 34175 (M.D. Fla., February 2, 1994).  Any further deficiencies that may linger, following the Plaintiff's Second Amended Complaint, are more properly addressed by a Motion to Dismiss, or some other appropriate Motion.

NOW, THEREFORE, It is --

ORDERED:

1.    That the Defendants' Motions to Strike and for a More Definite Statement [Docket Nos. 3, 10] are GRANTED in part, as detailed more fully in the text of this Order.

2.      That the Plaintiff's Motion for Leave to File Response Out of Time [Docket No. 18] is GRANTED.

3.      That the Plaintiff is granted leave to file a Second Amended Complaint [Docket No. 20] consistent with this Order, and our advisories at the Hearing.


BY THE COURT:


Dated:  February 3, 2010                    *s/Raymond L. Erickson*
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE


- 11 -