UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Gacek, | Court File No.: 0:09-cv-03202-PAM-RLE |
| Plaintiff, | |
| vs. | |
| Owens & Minor Distribution, Inc., Marc W. Johnson, and Gregory Frank Mattson, | **MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION FOR A MORE DEFINITE STATEMENT** |
| Defendants. | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Owens & Minor Distribution, Inc. ("Owens & Minor" or the "Company") hereby moves for a more definite statement regarding Count I of the Second Amended Complaint filed on February 2, 2010. Count I is confusing because it is unclear whether Count I is alleged against Defendant Gregory Frank Mattson ("Mattson") only, or Mattson and Owens & Minor. Without a more definite statement regarding Count I, the Company is unable to properly Answer or otherwise respond to the Second Amended Complaint because it has not been provided fair notice regarding the claims being asserted against it in this litigation.

2464511v1

## LEGAL ARGUMENT

I. **LEGAL STANDARDS**

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Typically, a Rule 12(e) motion will not be granted if a Complaint satisfies the notice pleading requirements of Fed. R. Civ. P. 8. *In re Potash*, No. 3-93-197, 1994 WL 1108312, at *11 (D. Minn. Dec. 5, 1994). Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). As this Court stated in its February 3, 2010 Order on Defendants Owens & Minor and Marc W. Johnson's First Motion for a More Definite Statement, "pleading is not a game of conjecture, and the Defendants should not have to guess as to the claims that are being asserted against them." Order at p. 8.

II. **PLAINTIFF SHOULD PROVIDE A MORE DEFINITE STATEMENT REGARDING COUNT I OF THE SECOND AMENDED COMPLAINT**

Count I of the Second Amended Complaint is confusing because it is unclear whether a defamation claim is alleged against Owens & Minor. Count I is captioned as "Defamation (Slander) (Against and perpetuated by 3rd Defendant, Gregory Frank Mattson <u>and Owens & Minor</u>)." *See* Exhibit A, p. 5 (blackline document comparing Plaintiff's Amended Complaint to his Second Amended Complaint) (emphasis added). Paragraph 26 of the Second Amended Complaint alleges that "Mattson acted in concert

2464511v1                                    2

with Owens & Minor, to make the slanderous statements or remarks," and that Mattson "acted as an agent" for Owens & Minor to make slanderous statements against Plaintiff. *Id.* Further, paragraph 30 alleges that Mattson and Owens & Minor have "jointly and severally" injured Gacek in violation of Minnesota common law. *Id.*

Confusingly, in his Second Amended Complaint, Plaintiff has also stricken language contained in Count I of his Amended Complaint, making it appear that he is no longer asserting a defamation claim against Owens & Minor. For example, the following language was stricken from paragraph 31 of the Amended Complaint:

> Gacek seeks reliefs for slander ~~and conspiracy to slander~~ against Mattson ~~and Owens & Minor, jointly and severally,~~ for loss of his reputation, shame, mortification, odium and emotional distress that distress in an amount in excess of $3,000,000 (three million dollars), for compensatory and punitive damages, to be determined at trial.

Ex. A. Plaintiff also deleted language from paragraph 3 of his "NATURE OF CLAIM" section which previously asserted that Mattson acted "in concert with" or "at the instance or instruction of Owens & Minor to make the slanderous statements . . . ." *Id.* at p. 3. Further, Plaintiff deleted language from this same paragraph regarding seeking relief for defamation against Mattson and Owens & Minor "jointly and severally." *Id.* Finally, in paragraph (a) of the "RELIEFS SOUGHT" section of his Second Amended Complaint, Plaintiff states that he is only seeking damages against Mattson and has deleted any reference to Owens & Minor.

Count I is unclear. Under basic notice pleading rules, Owens & Minor is entitled to know if Plaintiff is alleging a defamation claim against the Company. Owens & Minor should not have to guess as to the claims being alleged against it in this case.

## CONCLUSION

Plaintiff should be ordered to provide a more definite statement regarding whether Count I in the Second Amended Complaint is alleged against Defendant Mattson only, or against Mattson <u>and</u> Owens & Minor.

Dated: February 16, 2010.             **BRIGGS AND MORGAN, P.A.**

By: s/Ellen A. Brinkman
    Daniel R. Wachtler (#113360)
    Michael J. Moberg (#0249944)
    Ellen A. Brinkman (#0386578)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
(612) 977-8400
dwachtler@briggs.com
mmoberg@briggs.com
ebrinkman@briggs.com
**ATTORNEYS FOR DEFENDANT OWENS & MINOR DISTRIBUTION, INC. AND MARC W. JOHNSON**