## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Court File Number:  09-cv-3202 (PAM/LIB)**

**RICHARD GACEK,**

*Plaintiff,*

v.

1. **OWENS & MINOR DISTRIBUTION, INC.,**
2. **MARC W. JOHNSON,**
3. **GREGORY FRANK MATTSON,**

*Defendants.*

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO 1ST AND 2ND DEFENDANTS' MOTIONS TO COMPEL DISCOVERY, STRIKE EXPERT REPORT AND FOR SANCTIONS

1st and 2nd Defendants (hereinafter "Defendants", but excludes 3rd

defendant for the purposes of the instant motions) have brought these

motions in bad faith, to overwhelm plaintiff's counsel because defendants'

counsel are from a big law firm, and to portray plaintiff's counsel in bad

light before the Court.  Plaintiff makes these submissions for the reasons

stated below:

### I.      Plaintiff  complied with Defendants' Discovery Requests

Defendants served plaintiff with discovery requests on 6/9/2010 and

demanded that plaintiff respond within 30 days.  Plaintiff complied and

responded to the discovery requests on 7/9/2010, within the 30 days

required by the rules of court and demanded by the defendants.  See

Defendants' Introduction, p.2 [Docket # 52].

Nevertheless, defendants allege that plaintiff's counsel failed to comply

with the court's order.


### II.      Plaintiff Supplemented twice his Discovery Responses at the instance of Defendants

On 7/28/2010, defendants requested that plaintiff supplement his

discovery responses.  Plaintiff complied and supplemented his responses on

8/17/2010[1].  See Exhibit A.  It is noteworthy that plaintiff responded in less

than 30 days required by the rules.

Defendants again requested plaintiff to further supplement his

discovery response.  Plaintiff complied and served defendants on

8/26/2010 with an "Additional Supplement to Discovery Responses".  See

Exhibit B.

---

[1] Defendants requested a response by 8/17/2010.

Once again, it is noteworthy that plaintiff responded in less than 30 days required by the rules.

Yet defendants allege that plaintiff's counsel did not comply with discovery or the court's deadlines.

### III.   Defendants are not entitled to additional discovery regarding Plaintiff's claims for damages.

Right from the commencement of this action, defense counsel have exhibited crass ignorance or incompetence regarding this type of action – discrimination claim.  At the onset, defendants' counsel wondered how plaintiff, a white man, can bring a claim for discrimination.  Plaintiff responded and presented the law.  See Docket # 14.

Plaintiff seeks damages in this action under 42. U.S.C. § 1981. Damages for discrimination could be economic and non-economic. Plaintiff's expert has submitted a report which discussed and proved plaintiff's economic damages.  See Exhibit C.

Plaintiff's non-economic damages or damages solely for emotional harm caused by discrimination and punitive damages are to be determined by the trier of fact.

Defendants apparently find it difficult to understand the concept of damages in actions for discrimination.  Thus, they insist on empirical evidence (or evidence from a person) on the quantum of non-economic damages due the plaintiff.  Defendants cite to no pertinent case.  Instead, they rely on <u>Marvin Lumber & Cedar Co. v. Norton Co.</u>, 113 F.R.D. 588, 593 (D. Minn. 1986), an action not based on discrimination, for their misguided proposition.

Plaintiff did not refuse to provide discovery regarding computation of damages.  This is because plaintiffs' expert has computed plaintiff's economic damages, and plaintiff stated in "Item III" of his initial disclosures that the jury and the Court will determine the other damages.  See Docket # 53-1, pages 8 and 9.

**IV.    Defendants are not entitled to further discovery regarding Plaintiff's efforts to seek employment after termination of plaintiff's employment.**

Plaintiff's employment was terminated by defendants on 4/13/2009.  At the time, plaintiff had only a High School education.  In June 2009, plaintiff started to further his education, as a full-time student, at the Dunwoody

Technical College, Minneapolis, Minnesota.  Plaintiff's expert's report

indicates that by going to school, plaintiff actually mitigated damages

substantially.  Plaintiff states that between 4/13/2009 and June 2009, he

searched for employment; attended one day job-orientation at "Packaging

Corporation of America; left and joined Dunwoody Technical College.

Plaintiff's expert's report even provided more detail i.e. that Minnesota Job

Search may have assisted plaintiff in obtaining the job.

Yet defendants are not restive.  Defendants insist that plaintiff should

state his efforts in searching for job, apparently claiming that plaintiff

cannot be a full time student or that plaintiff must look for work but not go

to school.

Defendants also demand plaintiff's resume, etc., he may have used in his

search for employment.  It is common knowledge that High School level

jobs do not require resumes and other documents that college graduates

use when applying for a job.

Defendants equally demand that plaintiff should authorize them to

obtain his employment file from all employers he has worked for in his

lifetime.  Defendants make this demand for a most unpersuasive reason i.e.

to look for possible impeachment information against plaintiff.  To say the

least, the defendants' request imposes an undue burden on the plaintiff

and not intended to lead to discovery of material evidence.  Defendants

have not identified any information or evidence from plaintiff that needs to

be contradicted with evidence of plaintiff's lifetime work history and

employee files.

It is important to state that plaintiff has submitted his income tax

returns for the last three tax years – 2009, 2008, and 2007, to defendants,

in proof of all his means of income for the period.


**V.      Defendants are not entitled to discovery regarding plaintiff's medical history**

Defendants claim that plaintiff should disclose his medical records to

them because plaintiff seeks damages for emotional harm.  Defendants

make this claim notwithstanding that plaintiff has stated that he did not

receive treatment for emotional harm.  The basis of defendants claim is

that medical records are relevant when emotional distress is asserted, even

if it might not be "in controversy".

During the pendency of the Tewolde v. Owens & Minor Distribution,

Inc., case [07-cv-4075, DSD/SRN], Hon. Magistrate Judge Susan Richard

Nelson schooled all counsel that award of emotional damages is incident to a successful discrimination claim, with or without medical treatment. It is surprising that counsel for defendants is raising the same issue again in deliberate and flagrant disregard of Hon. Magistrate Judge Nelson's counsel.

In Buckley Nursing Home, Inc. v. Massachusetts Comm'n Against discrimination, 478 N.E.1d 1292, 1299 (mass. App. Ct.), rev. denied, 482 N.E.328 (Mass. 1985), the court stated that '[T]he finding of [discrimination] alone permit[s] the inference of emotional distress a normal adjunct of the [employer's] actions." (Quoting Bournewood Hosp., Inc. v. Massachusetts Comm'n Against Discrimination, 358 N.E.2d 235, 243 (Mass. 1976)).

In Bournewood Hospital, the Court differentiated employment discrimination claims from common law tort actions involving emotional distress:

> The standards applicable to an award of damages for emotional distress, pain, and suffering under [Mass. Gen] L. ch. 151B as a means of enforcing the [Massachusetts] employment discrimination statutes are, for obvious reasons of statutory construction and policy, not as stringent as those applicable to actions of tort for intentional infliction of emotional distress.

Bournewood Hosp., Inc. v. Massachusetts Comm'n Against Discrimination, 358 N.E.2d 235, 243 n.11 (Mass. 1976)).

For an in-depth discussion of the law that once the factfinder determines that intentional discrimination did occur, emotional distress is inferred[2], see David A. Robinson, *Discovery of the Plaintiff's Mental Health in an Employment Discrimination Case*, Western New England Law Review [Vol. 16:55] 55-77 (1994); copy attached as Exhibit D.

By virtue of the foregoing, defendants' request to discover plaintiff's medical history is incompetent and a misunderstanding of the applicable law in discrimination cases.  Defendants' request should be denied.

### VI.     Defendants are not entitled to discover information regarding Plaintiff's Communications (if any) with Current and Former Owens & Minor Employees and with the Union

Regarding Owens & Minor's Interrogatory No. 6, defendants claim that they are entitled to know if plaintiff has communicated with any current or former employees of Owens & Minor since his termination, because such communications, if not privileged, may reveal information regarding plaintiff's claims or defendants' defenses.

Defendants' request that plaintiff identify every employee or former employee of Owens & Minor with whom plaintiff has communicated in any

---

[2] Buckley Nursing Home, Inc. v. Massachusetts Comm'n Against Discrimination, 478 N.E.2d 1299 (Mass. App. Ct.), rev. denied, 482 N.E.2d 328 (Mass. 1985).

form since April 13, 2009, to the present, and state the date of the

communication and the substance of the communication is too broad and

imposes an undue burden on plaintiff.  Plaintiff's employment was

terminated over 18 months ago, so if for example, plaintiff has

communicated with 10 current or former employees of Owens & Minor,

about 20 times each over the past 18 months, defendants want plaintiff to

remember each and every communication, as well as the date of each

communication.  Defendants also want plaintiff to state the substance of

each communication – whether or not they talked about their wives,

girlfriends, business plans, cars, politics, etc.

Defendants are deliberately imposing an undue burden on plaintiff as well

as witch-hunting current employees to retaliate against.

Defendants state that such communication may reveal (unspecified)

information regarding plaintiff's claims or defendants' defenses.  So,

defendants are merely speculating.  Defendants' request has no basis in law

or equity and should be denied.

Regarding Owens & Minor's Request No. 14, plaintiff responded that

I do not have any documents or recorded communication between plaintiff

and SEIU Local 113, and copies of the grievances the Union filed for

plaintiff's employment was terminated.  Defendants say no, but do not

identify any document or recorded statement that they believe has but is

not disclosing.  So, what does defendants want this Honorable Court to

compel?  A court does not act in vacuo.  Thus, defendants' motion should

be denied.


**VII.  The Burden is on Defendants to show that they did not act with discriminatory intent**

  Plaintiff has established a prima facie case of discrimination.  Plaintiff has

shown that he was employed by 1st defendant.  He testified (on 9/28/2008)

in a proceeding adverse to 1st defendant and which 1st defendant had to

settle.  Ten days after plaintiff's testimony (on 10/3/2008), 2nd defendant

false accused plaintiff of signing a forklift checklist for other Material

Handlers (plaintiff's fellow warehouse employees).  Plaintiff denied the

allegation.

On 11/12/2008, plaintiff verbally lodged a harassment complaint against 3rd

defendant (Mattson), a fellow Material Handler, defendants did nothing.

Subsequently, the same Mattson complained that plaintiff used his left

shoulder to bump into his left chest in the break-room.  Plaintiff, a

diminutive and slim person did not bump the chest of Mattson, who is far bigger than plaintiff.

Nevertheless, 2nd defendant jumped at the opportunity and commenced immediate investigation of plaintiff by himself.  When 2nd defendant could not find enough reason to dismiss plaintiff from employment, 2nd defendant brought up all imaginable and conceivable allegations against plaintiff that he could remember starting from the time plaintiff was employed by 1st defendant (Owens & Minor).  2nd defendant brought up these matters notwithstanding the fact that they have either been resolved or closed.  2nd defendant also deprived plaintiff fair hearing.

On 2/2/2009, plaintiff's attorney wrote and warned 2nd defendant through Owens & Minor, to desist from his obvious and apparent retaliatory actions against plaintiff.  2nd defendant not deterred.  On 3/30/2009, 2nd defendant suspended plaintiff from employment and on 4/13/2009 discharged plaintiff.

Plaintiff this action against defendants for engaging in intentional retaliation/reprisal in violation of the Civil Rights Act of 1991 (as amended); and 42 U.S.C. § 1981(as amended).

By virtue of the foregoing, plaintiff has made out a prima facie case of discrimination.  Thus, the burden now lies on or shifts to the defendants to show that they did not act with discriminatory intent or engaged in discrimination.

The defendants' burden is satisfied if the defendants show by concrete evidence that they did not discriminate or that their honest actions (if any) did not have a discriminatory impact on plaintiff. The defendants cannot satisfy their burden by requesting plaintiff to second guess the discriminatory minds or intent of the defendants as to which portion of plaintiff's deposition testimony plaintiff believes is distasteful to defendants. This is exactly what defendants are asking of plaintiff when they insist as they are doing in their discovery requests or in this motion that plaintiff should:

> Describe with detail and particularity the "testimony" referred to in paragraphs 32, 34, 60, 81, and 83 of The Third Amended Complaint, which you claim was the reason for your termination.  Include in your response the date, place, purpose, kind, and context of the testimony, who was present and a precise reference to any transcript or other audio or written recordings of the testimony, including page and line number.
> See Defendants' Memorandum [Docket # 52], page 21.

**VIII.   Plaintiff complied with the Rules in hiring an Expert and the Expert's Report is competent and timely**

The defendants argue that plaintiff did not disclose the identity of any expert witness he intends to use at trial by July 1, 2010.

The Pretrial Scheduling Order [Docket # 48], at page 2 thereof provided that :

> The parties anticipate calling expert witnesses.  Parties shall disclose the identity of expert witnesses under Rule 26(a)(2)(B) by **July 1, 2010** for Plaintiffs, and by **August 1, 2010** for Defendants; Reports shall be submitted by **September 1, 2010** for Plaintiffs, and by **October 1, 2010** for Defendants.

The Federal Rules of Civil Procedure, Rule 26(a)(2)(A) provides as follows:

> In General.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 0r 705.

The Federal Rules of Civil Procedure, Rule 26(a)(2)(B) provides as follows:

> Written Report.  Unless otherwise stipulated or ordered by the Court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony ….

Discussion:

Defendants allege that plaintiff's failure to timely disclose the identity of his expert (by July 1) made defendants unable to timely disclose the identity of their own expert by (August 1).

Defendants do not deny plaintiff timely submitted his expert report on September 1. Although defendants have up to October 1, to submit their expert report, they impliedly claim, spuriously at that, that because they did not know "just the name" (or identity) of plaintiff's expert by July 1, it made them unable to submit their expert re[port by October 1. What an argument!

In as much as I must confess that the pretrial order regarding just disclosing the "name" of plaintiff's expert on July 1, and then the "Report" on September 1[3], is somewhat unusual and common to me[4], nevertheless, the spirit of the order is apparently that each party should to let the other party know in advance of their intent to retain an expert.

---

[3] The Pretrial Order also provided that Defendants should disclose the name of their expert on August I, and submit the expert's Report on October 1.

[4] This is because Fed. R. Civ. P. 26(a)(2)(B) provides that expert disclosure should accompany the written report, and most pretrial orders are drafted that way.

Pursuant to the spirit of the pretrial order, plaintiff did give ample notice to defendants that plaintiff will retain an expert.  The instances that plaintiff put defendants on notice are as follows:

(a) During the pretrial conference – which the Court include in the Pretrial Order that "the parties anticipate calling expert witnesses."

(b) In plaintiff's answer to 1st defendant's Interrogatory No. 5 [Docket # 53-2, p. 27]  – Plaintiff stated "presently, plaintiff has not retained any expert witness".  Thus, suggesting that plaintiff will retain an expert witness.

(c) In plaintiff's answer to 1st defendant's Request for Production of Documents Nos. 8 and 9 [Docket # 53-2, pp. 20-21] – Plaintiff stated that "Plaintiff is yet to retain an expert".  Thus, suggesting that plaintiff will retain an expert witness.

(d) In Exhibit A, plaintiff's 1st supplement to his discovery responses dated August 17, 2010 (at p. 4, supplement to Johnson Document Request No. 5) – Plaintiff answered as follows "Plaintiff will supplement his answer to this interrogatory in plaintiff's expert's opinion *within the next few weeks*".

The four instances stated above show that defendants had ample notice from plaintiff that plaintiff will retain an expert.  In particular, on August 17 (two weeks before September 1) plaintiff stated affirmatively that he would present an expert opinion *within the next few weeks*.

Plaintiff must add that he did not intentionally refrain from disclosing the name of his expert by July 1 – the reason for the inability was because plaintiff had not gotten the right expert at the time.

Nevertheless, defendants have not established how not knowing *just the name of plaintiff's expert* made them incapable or unable to retain an expert.  Defendants have not also established clearly the prejudice they allegedly suffered and how they were unable to provide their expert report by October 1 (30 days from September 1, when plaintiff's expert report was served on them).

By virtue of all the above stated, it is clear that defendants deliberately failed to file their expert report and this Honorable Court should bar defendants from filing an expert report.  However, if the Honorable is minded to permit defendants to file an expert report, plaintiff concedes two weeks to defendants to file their expert report.

Plaintiff respectfully submits that he satisfied the spirit of the pretrial order by giving several notices to defendants of his intent to retain an expert.  Plaintiff also respectfully submits that his expert's report was timely filed on September 1, as ordered by the Court.  Therefore, defendants' motion that plaintiff's expert and expert report be stricken, should be denied.

### IX.    There is no basis to Sanction Plaintiff Counsel

Defendants move that plaintiff's counsel should be sanctioned because counsel blatantly refused to provide defendants with discoverable information that is basic to plaintiff's claims and defendants' defenses. Interestingly, the record shows that plaintiff's counsel has always cooperated and supplied every information he can legally supply to defendants to enable their understanding of discrimination laws and the issues at stake.  The record shows as follows:

(a) Plaintiff's counsel amended the Complaint two times at the instance of defendants.  See Docket Nos. 27 and 43; and

(b) Plaintiff's counsel supplemented plaintiff's discovery responses record twice also at the instance of defendants. See Exhibits A and B.

The underlying fact in defendants' claims is that although defendants'

counsel may be good in their practice of Employment and Labor Law,

they have a lot of room for improvement in defending discrimination

cases.  Further, defense counsel do not bring humility and in-depth

research in their practice of employment discrimination.  This is because

some of the issues raised in their motion e.g. request for discovery of

plaintiff's medical records[5], has been addressed by Honorable

Magistrate Judge Susan Richard Nelson in a precursor suit'; yet defense

counsel will neither act on the Magistrate Judge's advice nor conduct

adequate research to confirm or disprove the Magistrate Judge's

statement of the law.

Instead, defense counsel keeps pestering and overwhelming plaintiff's

counsel with frivolous requests for supplement of discovery responses[6]

and motion to compel not grounded in law.  Thus, there is no justifiable

basis to impose sanctions on plaintiff's counsel and defendants' motion

should be denied.

---

[5] And whether medical treatment is necessary for a plaintiff in a discrimination action to prove emotional harm

[6] Nevertheless, plaintiff's counsel responded to the requests for discovery supplements.

**X.**      **On Request to Meet and Confer**

Plaintiff's counsel did not deliberately neglect defense counsel's request for meet and confer. The request came when counsel was predominantly away, in St. Cloud, conducting a contentious civil action.  By the time counsel was done, defendants have already filed a motion to compel.

Nevertheless, the issues proposed by defense counsel to discuss were just an affirmation that defense counsel will not make do with the two supplemental responses provided by plaintiff's counsel; and actually plaintiff's counsel has nothing more to add.

Plaintiff has provided defendants with notarized versions of the two discovery supplements.

## **CONCLUSION**

By virtue of all the herein stated, plaintiff and his counsel respectfully urge

the Honorable Court to deny 1st and 2nd defendants' motions to compel

discovery, strike expert report and for sanctions.


                                        Respectfully submitted,



DATED:  10-7-2010                       /s/  P. Chinedu Nwaneri
                                        P. Chinedu Nwaneri (# 0322003)
                                        Nwaneri Associates, Pllc
                                        4655 Nicols Road, Suite 106
                                        Eagan, MN 55122

                                        Telephone:  (651) 917-0633

                                        Fax: (651) 917-0691
                                        E-mail:  nwaneri@integra.net

                                        Attorney for Plaintiff