**NWANERI ASSOCIATES, PLLC**
Attorneys and Counselors at Law

4655 Nicols Road . Suite 106
Eagan, MN 55122
Phone: (651) 917-0633 . Fax: (651) 917-0691 . E-mail:  nwaneri@integra.net

Hon. Mag. Judge Leo I. Brisbois                                                              October 19, 2010
United States District Court
412 U.S. Courthouse
515 First Street West
Duluth, MN 55802

**Plaintiff's Letter Brief on Deposition Disputes**
**Re:  Richard Gacek v. Owens & Minor Distribution, Inc., *et. al.***
      **Court File No.:  0:09-cv-03202 (PAM/LIB)**

Dear Hon. Mag. Judge Brisbois:

Your Calendar Clerk, Vicky Miller, requested counsel to submit letter briefs on the issues involved in the deposition disputes.

**Issue I:**  Is Plaintiff entitled to take the deposition testimony of Craig R. Smith?

**Plaintiff's Position:**  Plaintiff has scheduled to take the deposition testimony of Craig R. Smith, C.E.O. of Owens & Minor Distribution, Inc. (hereinafter "Owens & Minor"), on 10/26/2010. Mr. Smith was part of the design by Owens & Minor to retaliate against plaintiff and the SEIU workers' Union because of plaintiff's testimony and that of other members of the Union in the Mesfin Tewolde v. Owens & Minor Distribution, Inc., case.
The scheme involved terminating the employment of plaintiff first, to weaken the Union and thereafter decertify or dissolve the Union.  Owens & Minor carried out the design as stated. See the Affidavit of Plaintiff, Richard Gacek, annexed herewith, for details.
Mr. Smith was part of or instrumental to this design/scheme.  He flew to Minnesota from Virginia (Owens & Minor Headquarters) to ensure that the workers' Union was decertified or dissolved to complete Owens & Minor's retaliatory scheme.  It is important to take the deposition of Mr. Smith to inquire into and capture the full and complete truth of the role Mr. Smith played in Owens & Minor's retaliation against plaintiff.  Mr. Smith's testimony would surely lend credence to plaintiff's claims in this action.

        Further, defendants have consistently been intent on silencing the truth in this action. During the pretrial scheduling conference, defendants moved the court to limit witness depositions to six instead of the 10 depositions allowed by Fed. R. Civ. P. 30(a)(2)(A)(i).
Now, defendants are moving to deprive plaintiff the testimony of Craig R. Smith, a very material witness. Defense counsel also believe that Mr. Smith, as CEO, is above the law.
Plaintiff in no way plans to harass Mr. Smith by taking his deposition.

**Disputes on Deposition Scheduling**

**Root Cause of Disputes:** Counsel for 1st and 2nd Defendants scheduled deposition of plaintiff without consulting plaintiff's counsel for a mutually convenient date. This conduct is typical of defense counsel.

**Issue II: Should Defendant conduct a bifurcated Deposition of Plaintiff?**

On 6/24/2010, the American Arbitration Association scheduled arbitration in a matter that plaintiff's counsel is handling for October 21, 2010, at 2:30 p.m.   Subsequently, Counsel for 1st and 2nd defendant scheduled deposition of plaintiff for October 21, 2010, at 9:00 a.m.  There is ample time between 9:00 a.m. and 2:30 p.m. to start and end a deposition before 2:30 p.m. Nevertheless, In reviewing plaintiff's discovery case file on October 15, 2010, plaintiff's counsel suddenly remembered that in the Mesfin Tewolde v. Owens & Minor Distribution, Inc., counsel for 1st and 2nd defendants took the deposition of Plaintiff Tewolde for a whole day.
Thus, plaintiff's counsel quickly wrote counsel for 1st and 2nd defendants informing counsel in advance that in order for plaintiff's counsel to attend the arbitration scheduled for 2:30 p.m. on October 21, 2010, Gacek'a deposition needs to end latest by 1:00 p.m. (good 4 hours from 9:00 a.m.), but if counsel plans or thinks that Gacek's deposition may last beyond 1:00 p.m., counsel may consider rescheduling to another future date.
Counsel for 1st and 2nd defendants refused to cooperate.

**Issue II:   Counsel for 3rd Defendant, Gregory Mattson, complains that Mattson's deposition Scheduled for November 1, 2010, is not convenient.**

Mr. Tierney, Counsel for 3rd defendant, Gregory Mattson, complains that his client's deposition scheduled for November 1, 2010, at 9:00 a.m. is not convenient to him.

**Plaintiff's Proposal for an Amicable Solution regarding Issues I and II**

Let all parties stipulate to take the depositions originally scheduled for October 21, 2010, and November 1, 2010, respectively, sometime in November 2010.  Defense Counsel rejected the offer and presents no viable alternative.

**Note:**  Presently, from October 19, 2010 through November 1, 2010, plaintiff's counsel has amongst other commitments, a total of 22 scheduled depositions (in two civil cases) and two arbitrations.  Plaintiff's counsel has two cases with the same discovery cut-off date of November 1, 2010.  The other case has had its discovery deadline continued from September to November 1, 2010. Plaintiff will take no step but await the decision of the Honorable Court regarding the depositions scheduled for 10/21/2010 and 11/1/2010, respectively.

Respectfully submitted,

*/s/ P. Chinedu Nwaneri*