UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Richard Gacek,                                         Civ. No. 09-3202 (PAM/LIB)

        Plaintiff,

    v.                                                           **ORDER**

Owens & Minor Distribution, Inc., Marc W.
Johnson, and Gregory Frank Mattson,

        Defendants.

---

    P. Chinedu Nwaneri, Esq., for Plaintiff
    Ellen A. Brinkman and Daniel R. Wachtler, Esqs. for Owens & Minor Distribution,
    Inc., and  Marc W. Johnson
    Patrick T. Tierney, Esq., for Gregory Frank Mattson

---

    This matter came before the undersigned United States Magistrate Judge on

Defendants Marc W. Johnson and Owens & Minor Distribution's motion to compel, to strike

expert and expert report, and for sanctions.  (Dkt. 50).  For the reasons set forth below, the

Court partially grants the motion, and partially denies the motion.

    Plaintiff commenced this action on November 17, 2009, against Owens, which is his

former employer Owens and Minor Distribution, Inc., and Johnson and Mattson, who were

employees of Owens at all times relevant.[1]  Plaintiff asserts claims arising out his

termination from employment at Owens.   Specifically, he asserts claims for

defamation/slander against Mattson; wrongful termination against Owens; intentional

---

[1]Defendant Gregory Frank Mattson has not joined in the present motion.  In the
interests of clarity, the Court will refer to Owens and Johnson collectively as Defendants
in the text of this Order.

discrimination and retaliation against Johnson; retaliation against Owens; and a claim for punitive damages against Owens and Johnson.  (Third Am. Compl., Dkt. 43).

A Pretrial Order was issued on May 11, 2010, which set November 1, 2010, as the deadline for completing discovery.  On June 9, 2010, Defendants served interrogatories and requests for the production of documents on Plaintiff.  On July 9, 2010, Plaintiff served responses to this discovery, and thereafter, on July 28, 2010, Defendants notified Plaintiff that they considered a number of Plaintiff's responses to be deficient and requested that supplemental responses by provided by no later than August 9, 2010.  Having not received a response, Defendants submitted a follow-up letter regarding Plaintiff's responses on August 11, 2010, in which Defendants requested that Plaintiff provide supplemental responses by no later than August 17, 2010.  Defendants indicated that they would proceed with a motion to compel if no supplemental responses were received.  On August 18, 2010, Plaintiff's counsel faxed a letter to Defendants' counsel providing supplemental responses to Defendants' discovery. However, Plaintiff's supplemental responses were not signed, or otherwise executed, by Plaintiff.   On August 26, 2010, Plaintiff's counsel submitted another letter, which contained information that supplemented prior discovery responses, but again, the supplemental responses were not signed or otherwise executed by Plaintiff.

Accordingly, on September 2, 2010, Defendants sent another letter to Plaintiff's counsel, in which they asserted that not only were the Plaintiff's responses still deficient but that Plaintiff's supplemental responses had not been provided in the proper format.  Defendants' counsel further requested a meet and confer on their discovery issues.  Plaintiff did not respond to their request to conduct a meet and confer.   Accordingly,

2

Defendants again contacted Plaintiff's counsel on September 13, 2010, to disclose that they had obtained a hearing date for a motion to compel. At that time, they also requested a meet and confer one last time. Plaintiff's counsel did not respond to this request, and Defendants have now brought a motion to compel challenging the adequacy of Plaintiff's responses to their discovery.

## I.   DISCUSSION

Under Fed. R. Civ. Pro. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." If the party from whom discovery is sought fails to comply with discovery requests, the requesting party may file a motion to compel. Fed. R. Civ. Pro. 37.

District Courts have broad discretion in deciding discovery motions. Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993). In the discovery context, relevancy is extremely broad, and "a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action." Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 522 (D. Minn. 1992). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." St. Paul Reinsurance Co, Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000). The resisting party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery

would outweigh the ordinary presumption in favor of broad disclosure." <u>Id.</u>, quoting <u>Burke</u>

<u>v. New York City Police Department</u>, 115 F.R.D. 220, 224 (S.D.N.Y.1987).

     A.   <u>Defendants' Motion to Compel</u>

       1.   <u>Damages</u>

Defendants contend that Plaintiff's responses to discovery requests related to

damages are inadequate.   First, they seek to compel Plaintiff to provide a complete

response to Johnson Interrogatory No. 6, which states:

> Describe in detail the monetary damages you claim to have
> sustained by explaining the amounts claimed, the method by
> which they were calculated or determined, and identify every
> person who claims to have knowledge of the facts upon which
> you base your claims for monetary damages.

In response, Plaintiff stated that he "shall abide by jury awards."   Thereafter, in a letter

dated August 17, 2010, Plaintiff stated that he "will supplement his answer to this

interrogatory in plaintiff's expert's opinion within the next few weeks."

Similarly, Johnson Document Request No. 5 requests "[a]ll documents evidencing

or relating in any way to the damages you claim you have suffered or are seeking related

to this litigation."   In response, Plaintiff stated "[s]ee documents produced herein bearing

stamp numbers <u>03069-03343</u>."   Defendants represent that this response refers to <u>every</u>

document produced in this litigation and amounts to 274 pages of documents.   On August

18, 2010, Plaintiff submitted a supplemental response, in which he stated that "Plaintiff will

supplement his answer to this interrogatory in plaintiff's expert's opinion within the next few

weeks."   To date, these responses, along with the expert report of Plaintiff's damages

expert, are the only discovery that Defendants have received regarding Plaintiff's claims

for damages.  In his Rule 26(a)(1)(A)(iii) disclosure, Plaintiff indicated that he was seeking "back pay with commensurate benefits as may be determined by the jury", compensatory damages, emotional distress damages, punitive damages, and attorney's fees and other costs and expenses.  Plaintiff's expert report appears to be primarily directed at calculating Plaintiff's lost wages, and other related damages.

Defendants contend that they are entitled to discover information related to all of Plaintiff's alleged damages, including the basis for those damages, the method of calculating those damages, and the identity of anyone with knowledge of his claims for damages.  Plaintiff maintains that his responses are sufficient, and that Defendants are not entitled to any additional information regarding his damages.

"It goes without saying that a defendant is entitled to discovery of its adversary's theory or measure of damages, its calculations under that theory, and expert opinions on the subject of damages."  Marvin Lumber & Cedar Co. v. Norton Co., 113 F.R.D. 588, 593 (D. Minn. 1986)[citing cases].[2]  While Plaintiff has disclosed the type of damages that he claims, along with an expert report that addresses certain elements of the claimed damages, this does not relieve him of providing a complete response to specific discovery requests.  With respect to Johnson Interrogatory No. 6, Plaintiff has failed to specifically identify all of the damages he claims, the amounts and how calculated, and the people who have information regarding those claims.  The Court concludes that Plaintiff cannot simply

---

[2]Plaintiff contends that the Marvin Lumber case does not apply because it is not an employment discrimination case.  That may be true, but the Court concludes that the general proposition still holds true, and Plaintiff is not relieved from the general requirement that he provide the calculation and basis for his damages.

refer to the expert report.  Rather, he must provide a full and complete response outlining the damages he claims--particularly where he seeks recovery based on specific, identifiable facts--and in what amounts, along with the identity of any individuals who have information regarding his asserted damages.  To the extent that Plaintiff intends to request a specific amount of damages of the jury at trial, he must make a good faith effort to quantify those damages, however imprecise those calculations may be.  If Plaintiff does not provide information regarding any specific amount of punitive or emotional distress damages that he will be claiming at trial at this juncture, then he will be precluded from requesting a specific amount at trial.  See, Sandoval v. American Building Maintenance Industries, Inc., 267 F.R.D. 257, 282-283 (D. Minn. 2007)(holding that plaintiffs must provide a calculation of emotional distress damages if they intend to suggest a specific amount to the jury, and that failing to provide that calculation would result in plaintiffs being precluded from making a specific suggestion to the jury).

With respect to Johnson Document Request No. 5, Plaintiff's assertion that all documents produced are responsive is not a satisfactory response.  See, Graske v. Auto-Owners Ins. Co., 647 F. Supp.2d 1105, 1108-1109 (D. Neb. 2009)(advising that "[i]t is not sufficient for a responding party to simply direct the [requesting] party to a mass of business records," and ordering defendant to provide a more detailed response to plaintiff's request for production).  The Court finds that Plaintiff cannot simply refer to all documents produced, and he must provide a more detailed response which identifies those particular documents that provide a basis for Plaintiff's damages claims, and especially those that

were relied upon in the creation of Plaintiff's expert's report.[3]

In sum, the Court directs Plaintiff to provide more detailed responses to Johnson Interrogatory No. 6 and Johnson Document Request No. 5, in accordance with the above directives.

### 2.   Plaintiff's Efforts to Seek Employment Following Termination

Next, Defendants request information and documents related to Plaintiff's efforts to seek employment following his termination from Owens on April 13, 2009.[4]  Defendants contend that this information is relevant to Plaintiff's duty to mitigate his damages.  For his part, Plaintiff contends that he has provided fully responsive answers in light of Plaintiff's status as a student.

"A party harmed by discriminatory employment decisions has an affirmative duty to mitigate his damages by reasonably seeking and accepting other substantially equivalent employment."  Hartley v. Dillard's Inc., 310 F.3d 1054, 1061 (8th Cir. 2002).  Accordingly, whether Plaintiff has sought employment since his termination and the nature of his employment-seeking efforts is relevant to whether Plaintiff attempted to mitigate his damages, and is therefore discoverable.  Peterson v. Seagate U.S. LLC, 2009 WL 3430150 at *6-7 (D. Minn. 2009)(granting motion to compel production of tax returns as relevant to plaintiff's efforts to mitigate damages).

---

[3]In addition, insofar as the Court orders Plaintiff to provide supplemental discovery responses in this Order, those responses must be properly executed and in a form that is compliant with the Federal Rules of Civil Procedure.

[4]Specifically, at issue here are Johnson Interrogatory No. 3, Johnson Document Request No. 1, and Johnson Document Request No. 6.

Accordingly, the Court finds that Plaintiff must provide supplemental responses to Defendants' discovery requests related to his efforts, or lack of efforts, to seek employment post-termination.   With respect to Johnson Interrogatory No. 3, Plaintiff is directed to provide a full response, **in the proper format**, regarding his efforts to seek employment since he was terminated, whether they were successful or not – including information regarding his interactions with the Minnesota Job Service, the Packaging Corporation of America (PCA), and any other employment related agency.   The fact that Plaintiff is currently attending school does not relieve him from providing a full response, since Defendants are still entitled to discover the extent of Plaintiff's job-seeking efforts, whatever they may be.   While Plaintiff's schooling may also be relevant to mitigation, this does not prevent Defendants from otherwise discovering relevant information regarding his employment efforts.

Similarly, the Court also finds that Johnson Document Request No. 1 also seeks relevant information regarding Plaintiff's employment-seeking efforts, and that Plaintiff's mere response that he was a student was inadequate.   Again, the fact that Plaintiff is a student does not relieve him of producing discovery that is otherwise relevant to Defendants' possible mitigation defense.   Insofar as these documents exist, Plaintiff must produce them.   Notably, Plaintiff acknowledges that he applied for employment at Packaging Corporation of America, but he has apparently not produced any documents related to that job-seeking effort.   In addition, he apparently sought assistance from Minnesota Job Service, but again, he has not provided any documents regarding his interaction with that agency.   As a consequence, it appears that Plaintiff's response is

deficient, and the Court orders him to provide a full and complete response to this request.

Next, Defendants ask the Court to compel Plaintiff to fully respond to Johnson Document Request No. 6, which requests the Plaintiff to provide an "Authorization for Release of Employment Information" for each employment held since his termination on April 13, 2009. In response, Plaintiff objected on the grounds that the request was overly broad and sought irrelevant information, and further stated that he had only been employed by PCA for one day. The Court finds no merit in these objections, and finds Plaintiff's response deficient. First, Plaintiff has acknowledged that he was employed for one day at PCA, but has nevertheless failed to provide the requested release. In addition, the Court finds that Plaintiff's employment records at PCA may reveal information regarding why he is no longer employed there, which may be relevant to a mitigation defense. Moreover, given Plaintiff's representation that he has only been employed by PCA since his termination, this should not be difficult or burdensome. Accordingly, Plaintiff is directed to identify and provide a release for each employment he has held since he was terminated from Owens on April 13, 2009, and Plaintiff is specifically directed to provide a release for his employment records at PCA.

In sum, the Court orders Plaintiff to provide complete responses to Johnson Interrogatory No. 3 and Johnson Document Requests Nos. 1 and 6, as detailed above.

3.    Plaintiff's Pre-Owens Employment History

In Johnson Interrogatory No. 2, Defendants request information regarding employment held by Plaintiff in the 10 years prior to his employment with Owens, including the name and location of the employer; the period of employment; his job title and the

9

nature of his duties, including whether he worked full or part-time; and the compensation

and benefits he received.  Plaintiff initially objected on the grounds that this interrogatory

was "overly broad, irrelevant, and not intended to lead to the disclosure of discoverable,

admissible or material evidence," and because Defendants already have this information

via Plaintiff's job application to Owens.   In his supplemental response, which was

unexecuted, Plaintiff stated:

> Johnson requests plaintiff to provide details of plaintiff's
> employment from about 1992 to 2002 or thereabout.  The year
> 1992 is about 18 years ago; while the year 2002 is about 8
> years ago.  Plaintiff does not remember the details of his
> employment during the period under reference.
>
> May Johnson indicate clearly and in detail how the information
> he is seeking is relevant to plaintiff's damages and mitigation
> damages.

Defendants contend that Plaintiff's previous employment history is also related to Plaintiff's

efforts to mitigate damages.  That is, Defendants contend that this information may reveal

whether Plaintiff possessed any job skills that may be relevant to his efforts to seek

employment after his termination from Owens.   Defendants further argue that any

misrepresentations that may have been made by Plaintiff in his application to Owens

regarding his pre-Owens employment would be relevant to impeaching Plaintiff's credibility.

The Court concludes that Plaintiff's employment history pre-dating Owens is relevant

to Plaintiff's mitigation efforts.  See, Seller v. Mineta, 358 F.3d 1058, 1066 (8th Cir.

2004)(plaintiff's decision to seek out relatively low-paying jobs, and to not seek employment

commensurate with employment experience was relevant to court's consideration of

plaintiff's mitigation of damages).  Moreover, it appears that Plaintiff provided information

regarding his past employment to his expert, David Bohlke, M.S., in connection with the preparation of Mr. Bohlke's expert report on damages.  Insofar as Plaintiff's own expert has apparently relied on his work history, Plaintiff cannot now claim that this information is irrelevant.  Moreover, Plaintiff cannot simply state that he does not remember the details of his prior employment, but rather he must make reasonable and diligent efforts to recall and provide as much information as is possible to Defendants.  Lastly, the information provided in Plaintiff's employment application is also not sufficient to satisfy this request because it does not have the force of a pleading to bind Plaintiff in this Court.  While some of this information may be difficult to recall or find, he cannot simply fail to respond because he may not recall every detail.

Accordingly, Plaintiff is directed to provide a complete response to Johnson Interrogatory No. 2 as directed above.

### 4.    Plaintiff's Medical History and Records

In Johnson Interrogatory No. 7, Defendants ask that Plaintiff provide information regarding "every physician, psychiatrist, psychologist, therapist or other counselor or health professional from whom you have sought treatment or advice for any condition, impairment, or injury since January 2003, including the 'emotional distress' referred to in paragraphs 31 and 84 of the Complaint."  In addition, Defendants request that Plaintiff execute an authorization and release for each health care professional or entity disclosed.  To date, Plaintiff has not provided this information and has not provided a release, and in his response stated: "[c]ompensation for emotional pain or distress to a plaintiff in a discrimination case is statutory, incident to the plaintiff's success in the civil action and need

not be proved." In a supplemental letter, Plaintiff indicated that he had not seen a medical professional for emotional harm, and that certain medical records that Defendants were seeking "are merely part of earlier complaints or grievances that plaintiff filed while an employee of Owens & Minor."

Defendants contend that Plaintiff's medical history is relevant to Plaintiff's claim for emotional distress damages, including whether or not Plaintiff's claimed emotional distress was caused by events or circumstances unrelated to the alleged discrimination. Plaintiff objects to the discovery of his medical records, because he has not sought treatment for emotional distress and because emotional distress damages are incident to a successful discrimination claim and need not be proven.

It is clear that "[e]motional distress damages are recoverable in employment discrimination cases." Walker v. Northwest Airlines Corporation, 2002 WL 32539635 at *3 (D. Minn. 2002). Here, Defendants do not appear to dispute that emotional damages are recoverable in such a case and that they can be established without medical or expert testimony. In John Doe I v. Mulcahy, Inc., 2008 WL 4572515 at *4 (D. Minn. 2008), Civ.No. 08-306 (DWF/SRN), the district court addressed the discovery of medical records in the context of an employment discrimination case, advising that "[t]here is a split of authority in this District concerning what discovery rule applies to the production of medical records for emotional distress claims." Id. [citing cases].[5] The district court concluded that in an

_____

[5]Other cases in this district have held as follows: Dochniak v. Dominium Management Services, 2006 WL 3156539 (D. Minn. 2006), Civ. No. 06-237 (JRT/FLN)(concluding that defendants were not entitled to plaintiff's medical records, where she claimed only garden variety emotional distress damages, and as result had not placed her medical condition "in controversy"); Blake v. U.S. Bank National Association, 2004 WL

action in which a plaintiff claims "garden variety" emotional distress damages[6], a party's

medical records and related information can be both relevant under Fed. R. Civ. Pro. 26,

and not in controversy under Fed. R. Civ. Pro. 35.  In other words, the Court concluded that

medical records may be relevant, and therefore discoverable, even if a party's mental

condition is not "in controversy" in the strict sense of Rule 35.   However, the court made

the following observations regarding the best practices for the discovery of medical records

in connection with a claim for emotional distress damages:

> "Here, as noted earlier, neither party has addressed the
> content of the medical records.   A defendant must initially
> establish a need for medical records through narrowly-tailored
> interrogatories, requests for admissions, or deposition
> testimony that seek information related to psychological or
> mental-health records, as opposed to 'pure' medical records or
> broad boilerplate requests.  See Fitzgerald v Cassil, 216 F.R.D.
> 632, 635 (N.D. Ca. 2003)(defining two types of medical records
> and explaining differences between them); see also Moore v.
> Chertoff, Civ. No. 00-953 (RWR/DAR), 2006 WL 1442447
> (D.D.C. May 22, 2006)(listing cases concerning when
> disclosure was appropriate based on discovery responses
> received prior to the request for medical records). . . Here, the
> parties agree that emotional distress damages are recoverable

---

5254174 at *4-7 (D. Minn. 2004), Civ No. 03-6084 (PAM/RLE)(finding that plaintiff had not placed her mental condition at issue by claiming garden variety emotional distress damages where she would not introduce expert testimony, and denying motion to compel plaintiff to provide authorizations for the release of medical records); Walker v. Northwest Airlines Corporation, 2002 WL 32539635 at *3 (D. Minn. 2002), Civ. No. 00-2604 (MJD/JGL)(concluding that plaintiff was clearly seeking more than nominal emotional distress damages where he intended to offer testimony from a medical doctor and two psychologists in proving up his claim for emotional distress damages, and requiring disclosure of medical records).

[6]In that case, the court noted that garden variety emotional distress damages are those that normally flow from an unpleasant experience such as discrimination, compared to those resulting in a specific psychiatric disorder.  See, John Doe I v. Mulcahy, Inc., 2008 Wl 4572515 at *1 n. 2 (D. Minn. 2008).

> in civil rights cases and that such damages can be established
> without medical or other expert testimony.   At this stage,
> however, no discovery has taken place, and Plaintiffs have
> offered no stipulations on which to evaluate Defendants' need
> for discovery and Plaintiffs' right to privacy.  Given this, no one
> knows whether Plaintiffs' medical records are relevant to
> Defendants' defenses."

Id. at *5-6; see also, Sandoval v. American Building Maintenance Industries, Inc., 267 at

270 (requiring disclosure of medical records on health issues plaintiffs claimed to be

suffering as a result of defendants' conduct).

The Court finds the reasoning of Mulcahy to be persuasive, and concludes that

Plaintiff's medical records **may** be relevant, but further concludes that Defendants have not

established an entitlement to all of Plaintiff's medical records at this juncture.   Rather,

Defendants must direct their inquiries towards psychological or mental health records to

the extent that they exist.  Accordingly, Plaintiff is directed to provide a complete response

to Johnson Interrogatory No. 7, which discloses the nature of any medical treatment he has

received since January of 2003.  Such responses should be sufficient to reflect whether the

medical treatment related to mental health issues.   Defendants can then assess whether

they believe a basis exists to conclude that Plaintiff's medical treatment is assertedly

relevant to Plaintiff's mental or emotional health, and request that Plaintiff provide an

authorization accordingly.  If a dispute arises, then the parties are directed to contact the

undersigned's chambers immediately for an expeditious resolution on the narrow issue of

whether the disputed records relate to Plaintiff's mental health, warranting a production of

those records.  However, the Court declines to require blanket authorizations for any and

all medical treatment, since  Defendants have not demonstrated such broad relevancy at

this juncture.

5.      Plaintiff's Communications with Owens Employees and the Union

As pertinent here, in Owens Interrogatory No. 6, Defendants request that Plaintiff identify current or former Owens employees that he has communicated with since his termination, and that he must state the date and substance of those communications. Defendants contend that Plaintiff's communications with current or former Owens employees may reveal relevant information regarding Plaintiff's claims or Defendants' defenses. Plaintiff has objected on the grounds that this request is overly burdensome, given that Plaintiff was terminated over 18 months ago. First, the Court concludes that the requested information is relevant. In addition, the Court finds that the request is reasonable and not overly burdensome since the time frame is relatively short. Given Plaintiff's speculative assertion that this may involve the disclosure of a large number of conversations, there is no indication that this request would be a burden to Plaintiff. Accordingly, Plaintiff is directed to provide a complete response to Owens Interrogatory No. 6. Although Plaintiff may have some difficulty remembering the details of each conversation, he must nevertheless make reasonable and diligent efforts to provide a complete response to this interrogatory.

In addition, in Owens Document Request No. 14, Defendants request:

> "All written or recorded communications between Plaintiff and SEIU Local 113 from January 2008 to present, including but not limited to communications relating to your position/duties as a Steward and the grievance which you filed under the Collective Bargaining Agreement on April 17, 2009 contesting/protesting your discharge under the existing Collective Bargaining Agreement."

15

Plaintiff initially objected on the grounds that this request was "overly broad, unduly burdensome, irrelevant and not intended to lead to disclosure of discoverable, admissible or material evidence," and that Defendants already have all the documents regarding grievances filed by Plaintiff. Plaintiff later stated that he is not in possession of any documents that are responsive to this request, and that the request is directed at documents in possession of third parties.

Defendants indicate that they are only requesting documents that are in Plaintiff's personal possession, and that they made this request because they were not sure that they were in possession of all of Plaintiff's communications with the union related to any grievances he filed. Plaintiff contends that there is nothing to compel because there are no responsive documents and Defendants have not identified any documents that Plaintiff failed to produce. However, Defendants are still entitled to a properly executed response stating that Plaintiff has no responsive documents in his possession, which Plaintiff has not provided. As a consequence, Plaintiff is directed to provide a properly executed response to Owens Document Request No. 14. If there are any responsive documents in his possession, those documents must be produced.

### 6.    Plaintiff's Testimony

In Owens Interrogatory No. 7, Defendants request that Plaintiff detail with particularity the testimony he gave in a different case that he claims was the basis for his later termination from Owens. Plaintiff initially asserted general objections, and stated that "Plaintiff relies on his deposition testimony in the *Mesfin Tewolde v. Owens & Minor Distribution, Inc.* case (copy of which is already with Defendant's counsel) . . . [and] all

documents produced herein. . ."  Later, Plaintiff's counsel stated in a letter that Plaintiff maintained "that his entire deposition testimony jointly not selectively, is adverse to Owens & Minor's position in the Tewolde case; and consequently Owens & Minor retaliated against plaintiff."

Defendants contend that Plaintiff must clarify his response, because he has quoted specific testimony in his Third Amended Complaint but has stated elsewhere that he intends to rely on the entirety of his testimony in the Tewolde case. As noted, in his formal response Plaintiff stated that he relies on the testimony provided in the Tewolde case, which Defendants are already in possession of.  The Court finds unpersuasive Defendants' argument that they are entitled to know whether Plaintiff is relying on any specific portion of the testimony or not, and accordingly, finds that Plaintiff has adequately responded to this request.  Of course, if there is any testimony other than that provided in the Tewolde case that Plaintiff intends to rely upon, Plaintiff must disclose that.  As such, the Court denies Defendants' motion to compel with respect to Owens Interrogatory No. 7.

B.    Motion to Strike Expert Report

Pursuant to the Pretrial Scheduling Order, Plaintiff was required to disclose the identity of any expert witness under Fed. R. Civ. Pro. 26(a)(2)(B) by July 1, 2010, and to produce any expert reports by no later than September 1, 2010.  Defendants, in turn, were required to disclose their experts by August 1, 2010, and any expert reports by October 1, 2010.  However, Plaintiff did not disclose the identity of any expert by the July 1 deadline, but rather, counsel disclosed both the identity and opinions of a damages expert on September 1, 2010, through the submission of his expert report on that same date.

17

Fed. R. Civ. Pro. 16 permits the district court to set deadlines for the disclosure of evidence, and to impose sanctions on a party for failing to meet a deadline. Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001). "Unless the failure to meet a deadline was either harmless or substantially justified, the court may sanction a party be excluding its evidence." Id.; see also, Fed. R. Civ. Pro. 37(c)(1). "These exceptions to Rule 37(c)(1)'s imperative serve 'to avoid unduly harsh penalties' that may result from an inflexible application of the Rule." North Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp.2d 1140, 1145 (D. Minn. 2003), quoting Transclean Corp. v. Bridgewood Services, Inc., 77 F. Supp.2d 1045, 1064 (D. Minn. 1999). Accordingly, under the governing law, the Court is permitted to exclude untimely expert disclosures, but it need not do so if the failure was either harmless or substantially justified.

Defendants contend that Plaintiff's failure to timely disclose the identity of his expert has caused them prejudice, since their own deadline for disclosing any experts has since passed. In particular, Defendants submit that they were forced to retain an expert under a compressed time schedule in order to meet their own October 1, 2010 deadline for the submission of an expert report.[7] As a consequence, Defendants request that the Court strike Plaintiff's September 1, 2010 expert report, or alternatively, that they be given additional time to submit an expert report and that Plaintiff be barred from submitting any additional or supplemental expert reports. Plaintiff concedes that he failed to disclose the

---

[7]Following the receipt of Plaintiff's expert report on September 1, 2010, Defendants disclosed their own expert on September 17, 2010.

identity of his damages expert by July 1, 2010, but he disputes that Defendants have been prejudiced by the mere fact that they did not know the identity of the expert by July 1, 2010. He further emphasizes that Defendants were aware that Plaintiff intended to rely on an expert witness, and that the actual expert report was itself timely disclosed.[8]

The Court finds that Plaintiff's failure to comply with the deadline for disclosing any expert's identity does not warrant striking Plaintiff's expert report. The Court recognizes that Plaintiff's failure to disclose the identity of his expert by July 1, 2010, was in contravention of the Pretrial Order. However, the Court concludes that any prejudice resulting from the Defendants being unaware of the mere identity of the expert by July 1 is minimal, and as a consequence, striking of the expert report is too harsh a sanction given that Plaintiff ultimately disclosed the expert report itself in a timely matter. Accordingly, the Court declines to strike Plaintiff's expert report. However, the Court finds that Plaintiff shall be bound to matters raised in the September 1 expert report, and as a consequence, Plaintiff's expert will be precluded from testifying or providing evidence on issues going beyond those raised and addressed in the September 1 expert report. Lastly, Defendants shall have 10 days from the date of this Order, in which to submit their own expert report.[9]

C.   Defendants' Request for Sanctions

---

[8]The Pretrial Order indicates that "[t]he parties anticipate calling expert witnesses." (Dkt. 48, at p. 2). Plaintiff further indicated in his written discovery responses that he intended to retain an expert witness, although those responses were made after the July 1 disclosure deadline.

[9]At the hearing, counsel for Gregory Frank Mattson stated that Plaintiff had not made any expert disclosures to him. In response, Plaintiff represented that he did not intend to call an expert witness with respect to his claim against Mattson at trial.

Defendants request that the Court impose sanctions on Plaintiff for his unjustified refusal to provide discovery, and for numerous violations of the Federal Rules of Civil Procedure and Court imposed deadlines. Given Plaintiff's counsel's failure to engage in a meaningful meet and confer; his failure to comply with Court deadlines; his failure to provide adequate discovery responses to numerous requests; and his failure to comply with the Federal Rules of Civil Procedure with respect to the disputed discovery responses and his submissions in connection with this motion, the Court finds that sanctions are warranted. As a consequence, the Court sanctions Plaintiff in the amount of $500.00 to be payable to Defendants Johnson and Owens' counsel. Moreover, Plaintiff is forewarned that untimely submissions will not be tolerated in the future, and he is specifically forewarned that any further late filings may be stricken from the record in the future.

For the reasons set forth above and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.      Defendants' motion to compel, to strike expert and expert report, and for sanctions [Docket 50] is granted in part, and denied in part, as described in the text of this Order;

2.      Plaintiff is directed to provide any discovery responses required by this Order in a form consistent with the Federal Rules of Civil Procedure, signed by Plaintiff, and notarized, **by no later than November 1, 2010**;

3.      **Plaintiff's Counsel** is sanctioned in the amount of $500.00, payable to the law firm of Briggs & Morgan, PA, c/o Ellen A. Brinkman, Esq., 80 S. St. St. 2200, Minneapolis, MN 55402.

BY THE COURT:

Dated: October 21, 2010

s/

Leo I. Brisbois
U.S. MAGISTRATE JUDGE