# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Richard Gacek,                                          Civil No. 09-3202 (PAM/LIB)

           Plaintiff,                               ORDER

v.

Owens & Minor Distribution, Inc.,
et al.,

           Defendants.

---

This matter is before the Court on Plaintiff's objection to or appeal from an Order of United States Magistrate Judge Leo I. Brisbois dated October 21, 2010. In this Order, Magistrate Judge Brisbois sanctioned Plaintiff for his failure to appear for his deposition and failure to participate in a pre-arranged conference call regarding that deposition. The Order requires Plaintiff to appear for a deposition on October 28, 2010, and also to pay the court reporter costs associated with that deposition.

The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). Plaintiff has utterly failed to show that the Magistrate Judge's decision is either clearly erroneous or contrary to law. Therefore, the Court affirms the Magistrate Judge's Order and denies the appeal.

Plaintiff's counsel apparently believes that hyperbole and ad hominem attacks on court staff are a substitute for legal arguments. Rather than taking responsibility for missing

a conference call, he instead blames everyone else involved: Defendants' counsel, Magistrate Judge Brisbois, and worst of all, Magistrate Judge Brisbois's staff. It is apparent that counsel misunderstood the instructions regarding the conference call. Had he simply acknowledged this and pled for understanding, it is possible that the result of this proceeding would have been different.[1]

Plaintiff does not contend that the Magistrate Judge's Order is clearly erroneous. Rather, he contends that the Magistrate Judge's conduct of the telephone conference was clearly erroneous. Even if the Rules provided for objection to a procedure, his objection has no merit. It is clear that all parties and the Magistrate Judge intended for Plaintiff's counsel to participate in the conference call. Indeed, the purpose of the call was to resolve Plaintiff's objections to his deposition. It was simply not erroneous for Magistrate Judge Brisbois to hold the conference call without counsel, when counsel failed to appear as required.

Nor is the Magistrate Judge's decision requiring Plaintiff to pay the costs of the court reporter clearly erroneous. Plaintiff failed to appear either at the properly noticed deposition or at the telephone conference regarding that deposition. He did not file a protective order against the taking of his deposition, nor did he seek prior permission of the court to refuse

---

[1] It is also possible that the result would not have been different. Plaintiff's counsel has a history of ignoring court rulings and failing to comply with his responsibilities. See, e.g., Order of Oct. 21, 2010 (Docket No. 71), at 20 (sanctioning Plaintiff $500 for his counsel's failure to comply with court deadlines, failure to provide adequate discovery responses, and failure to comply with the Rules of Civil Procedure, among others). Moreover, this is not the first time he has attempted to shift the blame for his failures to others. Given his history in this case, it is quite possible that, even had counsel asked for forgiveness, Magistrate Judge Brisbois would not have been forgiving.

to appear. His failure to appear, alone, justifies the relatively moderate sanction Magistrate Judge Brisbois imposed.

Finally, Plaintiff has failed to show that the remaining portions of the Order are clearly erroneous. Should Plaintiff believe it necessary to take more than six depositions, he should move for an amendment of the pre-trial order. Given Plaintiff's failure to appear at his deposition, it is not unreasonable (nor is it a violation of "plaintiff's right to take evidence") to require Plaintiff to appear on a date certain and to be deposed for the time provided by the rules. Given counsel's recalcitrance in discovery in this matter, such a ruling seems utterly reasonable. In addition, limiting Plaintiff to two hours for each individual Defendant is not unreasonable in light of counsel's conduct. With respect to the video deposition, the Court is certain that Magistrate Judge Brisbois would approve of a procedure that allowed the taking of the deposition at a location close to Mechanicsville, Virginia. Counsel should seek clarification on this issue from the Magistrate Judge.

Plaintiff's counsel should be aware that this Court will not tolerate further attacks on its staff. It is time for counsel to take responsibility for his own actions and to stop making unwarranted accusations against opposing counsel and the Court.

**CONCLUSION**

Plaintiff has not established that the Magistrate Judge's Order was clearly erroneous or contrary to law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal of the Order (Docket Nos. 73, 74) is **DENIED**; and

2. Magistrate Judge Brisbois's Order (Docket No. 72) is **AFFIRMED**.


Dated:  October 25, 2010

                            s/Paul A. Magnuson
                            Paul A. Magnuson
                            United States District Court Judge